Mr. Justice Johnson
delivered the opinion of the Court.
Most of the grounds of the present motion have been directed to the question made by the cause of demurrer set forth by the plaintiffs, and present the enquiry, n-he-■ther a foreign corporation can rnaintainyf®* fion ]•< . fr-its corporate name ? And to this_,.-point, the argunm-tr have been principally directecby'bui the Court have not thought proper to express tin opinion on it, as it is wholly unnecessary to the decision of the present case. (a.) The suggestion on the pavtof the Bank in its corporate mime, substantially all(">,oíi, and the demurrer consequently admits that the B^hk had a corporate,existence, and that the judgment against Saul Solomons Co. had been assigned to it for a valuable consideration.
The question then is not, whether the Bank can maintain an sfctiou or not in its corporate name, hut whether the property in the judgment still remained in Minis Hs? Henrfy • for, in that event alone, could it be the subject of *82 condemnation at the suit of an attaching creditor? The facts furnish the answer; they were divested by the assignment. Notwithstanding therefore the issue joined be'tween the attaching creditor, and the party claiming the thing attached, does, in some measure, partake of the properties of an action, the only, question is, whether the thing attached is the property of the absent debtor, and whether the party claiming, does or does not labor under a disability to sue ? If they are entitled to hold the thing attached, it is surely a sufficient reason why it should not be condemned as the property of the absent debtor.
Petigru, for the motion.
King, contra.
.The motion is, therefore, granted.
Justices Bay, Nott, Gantt and Richardson, concurred..

 See Bacon, Corporation E. 2. 2 Lord Ray, 1532. 1 Str. 613,